IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZETTRAL A. WASHINGTON, #01928268,   § <br> Petitioner,   § <br> § <br> v.   § <br> § <br> LORIE DAVIS,   § <br> Director, TDCJ-CID,   § <br> Respondent.   § | CIVIL NO. 3:16-CV-0078-G-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be **DENIED**.

## I. BACKGROUND

In 2014, Petitioner pled guilty to murder, and was sentenced to 40 years' imprisonment. *See State v. Washington*, No. F13-57654-X (Crim. Dist. Ct. No. 6, Dallas Cty. 2014); Doc. 15-2 at 43-46. Petitioner filed a state application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals on the findings and conclusions of the trial court. Doc. 15-3 at 1; Doc. 15-5 at 4-7.

In his timely federal petition, Petitioner asserts that his trial counsel rendered ineffective assistance by failing to investigate Petitioner's competency. Petitioner also asserts that the trial court erred by not *sua sponte* conducting a competency hearing. Doc. 3 at 6. Respondent argues the claims lack merit. Doc. 13. Petitioner has not filed a reply. Thus, the petition for writ of habeas corpus, is now ripe for review.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (*quoting Richter*, 562 U.S. at 102 786). Consequently, as long as "'fair-minded jurists could disagree' on the correctness of the state court's decision, federal habeas relief should not be granted." *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

*Ineffective Assistance of Counsel (Ground One)*

Petitioner alleges that trial counsel rendered ineffective assistance by failing to investigate the issue of Petitioner's competency. Doc. 3 at 6; Doc. 4 at 1. Petitioner contends a reasonable investigation would have revealed that he was a MHMR [mental health/mental retardation] patient and under care for mental health problems for most of his life. Doc. 4 at 1.

2

Petitioner argues that his mental health records would have shown that he suffers from "schizophrenia, major depression and auditory halucinations[sic], with psychotic features, [and] borderline intellectual functioning," and, thus, was not competent to enter a guilty plea. Doc. 4 at 2. Petitioner also claims that his attorney consulted with him only twice and failed to take any action after Petitioner revealed he did not understand the proceedings or what the judge was saying. Doc. 4 at 1.[1]

> The state habeas court (which was also the trial court) rejected this claim, finding:
>
> 8. Washington claims that he was not competent to enter his plea. Washington has provided no documentation, and, therefore, this court does not know the results of any evaluation, which may contradict his complaint. The court's file is bereft of any such information. Whatever the merits of that contention, it is not cognizable here, absent any kind of contemporaneous notice to this court. In short, aside from a global allegation that he was not competent at the time of trial, Washington has produced nothing to support this claim.
>
> 9. Further, trial counsel has submitted an affidavit regarding his complaint of incompetency. Trial counsel avers that Washington appeared competent and did not raise the issue with trial counsel. This court finds those attestations to be credible and worthy of belief, particularly in the absence of any contradictory evidence.

Doc. 15-5 at 7.

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded

---

[1] In his state habeas application, Petitioner also claimed that counsel rendered ineffective assistance when he coerced Petitioner to plead guilty. Doc. 15-6 at 10. The trial court rejected the claim as unsupported and controverted by the record, Doc. 15-5 at 5-7. However, Petitioner does not re-assert that claim in his federal petition. Doc. 3 at 6-7.

by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687; *see also Premo v. Moore,* 562 U.S. 115, 125 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* In the case before the Court, Petitioner has failed to show deficient performance or prejudice.

First, Petitioner has not established that defense counsel had a duty to investigate the issue of his competency and, thus, he has failed to prove that counsel's performance was deficient. Counsel indeed has a duty to conduct a reasonable investigation. *Strickland*, 466 U.S. at 691. However, the duty to investigate competency only arises when "it becomes clear that the client is suffering from mental health difficulties rendering him insane or incompetent to stand trial." *Miller v. Dretke*, 420 F.3d 356, 363 (5th Cir. 2005).

Petitioner's counsel, whom the trial judge deemed credible,[2] stated in his affidavit that Petitioner "was able to relay the facts of the case and did not display any signs of incompetence."

---

[2] The state habeas court's credibility determination is entitled to a presumption of correctness, 28 U.S .C. § 2254(e)(1); *Moore v. Johnson,* 194 F.3d 586, 604 (5th Cir. 1999), and Petitioner has not produced clear and convincing evidence, as is his burden, to rebut the same.

Doc. 15-5 at 9. Counsel further asserted Petitioner was lucid, assisted in his defense, and "even played a large role in plea negotiations." *Id*. There is no showing that it did (or, for that matter, should have) become "clear" to counsel the Petitioner was "suffering from mental health difficulties rendering him insane or incompetent to stand trial." *Miller*, 420 F.3d at 363. Indeed, based on counsel's sworn report of his observations of and interactions with Petitioner, it is reasonable that he would conclude the opposite to be true – that Petitioner was competent. Thus, on this record, counsel's failure to investigate the issue of Petitioner's competency appears to be the reasonable course. *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003) ("In assessing the reasonableness of an attorney's investigation, . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further.").

Even assuming counsel had a duty to investigate, Petitioner has not established any prejudice resulting from the lack of investigation into his competency to stand trial. *See Miller*, 420 F.3d at 361 (a petitioner must also allege "with specificity what the investigation would have revealed and how it would have changed the outcome of the trial"). Petitioner has wholly failed to allege, much less show, that the outcome of the plea process would have been different had counsel made a reasonable investigation. Stated differently, there is no evidence that, if counsel had made an investigation into Petitioner's competency, Petitioner would not have pleaded guilty and would have instead proceeded to trial. *Hill*, 474 U.S. at 59.

As noted in counsel's affidavit, Petitioner faced a range of punishment of 25 years to life and was actively involved in the plea negotiations. Doc. 15-5 at 9. Petitioner cannot establish that he was prejudiced by counsel's deficient performance, if any. *Id*. His "active" involvement in plea negotiations and subsequent guilty plea in exchange for less than the statutory maximum

5

punishment is inconsistent with any self-serving inference that he would not have pleaded guilty if his mental health history/competence had been investigated – especially since Petitioner was always aware of his own mental health issues. And assuming that Petitioner actually suffers from mental illness, that fact alone does not render him incompetent (as discussed in further detail, *infra*). Nor does it render his guilty plea invalid, so long as his plea was knowing and voluntary, to-wit: Petitioner (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007). Thus, Petitioner has to do more than simply establish that counsel failed to investigate his mental health history/competence to demonstrate actual prejudice based on that failure. And again, he has failed in that regard.

Moreover, Petitioner's assertion that counsel did not spend enough time consulting with him and that he saw counsel only once before the day of his guilty plea, Doc. 3 at 6-7, is insufficient to establish ineffective assistance of counsel. *Murray v. Maggio*, 736 F.2 279, 282 (5th Cir. 1984) ("brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel.") (citing *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979)). In the context of a guilty plea, the United States Court of Appeals for the Fifth Circuit has observed that "[e]ffective assistance may be rendered in the twenty or thirty minutes the appointed lawyer said he spent with [the defendant], or counsel may remain ineffective despite a month of futile exertions." *Diaz v Martin*, 718 F.2d 1372, 1378 (5th Cir. 1983). The governing "criterion is quality-not quantity-of effort." *Id.* Regardless, Petitioner has not shown "what additional evidence could have been produced had additional conversations taken place." *Murray,* 736 F.2d at 283.

Petitioner cannot overcome the strong presumption that he received effective assistance of counsel. Thus, the state court's denial of relief on this claim was a reasonable application of federal law, and his first claim fails.

*Competency to Plead Guilty (Ground Two)*

Petitioner argues that the "trial court on its own merit should have held an evidentiary hearing to asses [sic] the mental stability of [Petitioner] and his comprehension of the proceedings that were being held," since he was "under MHMR care and medications" while incarcerated. Doc. 3 at 6; Doc. 4 at 3. Petitioner also "contends that the trial court erred in allowing him to plead guilty knowing that he had been in MHMR Courts in Dallas County before, and suffered from various mental disorders." Doc. 4 at 3.

Conviction of a mentally incompetent defendant is a violation of due process. *Mata v. Johnson*, 210 F.3d 324, 329 (5th Cir. 2000). Similarly, a defendant may not plead guilty unless he does so "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993). A defendant is competent only if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Dusky v. United States*, 362 U.S. 402 (1960) (*per curiam*)). However, mental illness and incompetence are not necessarily coexistent conditions. *See generally McCoy v. Lynaugh*, 874 F.2d 954, 960-61 (5th Cir. 1989).

The record of the proceedings made contemporaneously with the entry of Petitioner's guilty plea refutes his subsequent assertions that he was mentally incompetent at that time. In his written plea agreement, Petitioner avers, "I am the accused in the charging instrument and am mentally competent." Doc. 15-2 at 48-49. Later in the plea agreement, counsel and the trial

7

court each affirm their belief that Petitioner is competent. Doc. 15-2 at 49. Additionally, in its judgment, the trial court explicitly states "[i]t appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." Doc. 15-2 at 46. This official court record is "entitled to a presumption of regularity and [is] accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-1082 (5th Cir. 1985) (citations omitted).

As noted in its findings and conclusions on the state habeas application, the trial court did not find any evidence of Petitioner's incompetency when the plea was entered, and Petitioner failed to submit any evidence or documentation of his incompetency to enter a plea. Doc. 15-5 at 7. Furthermore, the trial court's determination that counsel is credible, specifically with respect to counsel's attestation that Petitioner "appeared competent and that he did not raise the issue [of his competency] with trial counsel," Doc. 15-5 at 7, is entitled to a presumption of correctness under section 2254(e)(1); *Moore,* 194 F.3d at 604. And Petitioner has failed to meet his burden to produce clear and convincing evidence to rebut the same.

Accordingly, the state court's determination regarding this issue was neither contrary to, nor involved an unreasonable application, of clearly established federal law; thus, this claim fails.

*Evidentiary Hearing Not Required*

Petitioner requests an evidentiary hearing to further present his claims, Doc. 3 at 8; Doc. 4 at 3, but "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). As in *Pinholster*, the petition in this case only raises claims under section

8

2254(d)(1) that were adjudicated on the merits in state court. Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** April 3, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE